

DOCKETED
DEC 27 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Diane O'Sullivan, Janice Roche, and Nancy Lipman,
Plaintiffs,

v.

City of Chicago Department of Police,
City of Chicago, and
Commander Marienne Perry in both her official and individual capacity,
Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

01C 9856

No.
COMPLAINT
JURY DEMAND

JUDGE BUCKLO

MAGISTRATE JUDGE LEVIN

## NATURE OF THE ACTION

This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to the Plaintiffs by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983, and the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707(e) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3) and § 2000e-6(e).

2. Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 20003-5(f)(3). This claim arose in substantial part within the State of Illinois. All of the unlawful employment

practices alleged herein were committed in the State of Illinois under the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiffs Diane O'Sullivan, Janice Roche, and Nancy Lipman are Caucasian female citizens of the United States and are employed by Defendant City of Chicago Department of Police.

4. At all relevant times, Defendant City of Chicago Department of Police has been and is a "body politic and corporate" by virtue of city law. At all relevant times, Defendant City of Chicago has been and is a "body politic and corporate" by virtue of state law. Defendant City of Chicago and Defendant City of Chicago Department of Police are "employers" of the Plaintiffs within the meaning of 42 U.S.C. § 20003 (a) and (b).

5. Commander Perry is a commander within the City of Chicago Department of Police and has final policymaking authority.

## PROCEDURAL REQUIREMENTS

6. More than thirty (30) days prior to the institution of this lawsuit, the Plaintiffs individually filed charges with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII by Defendants. On or about September 26 and 27, 2001, EEOC issued Plaintiffs their Notices of Right to Sue, stating that Plaintiffs could file civil actions under Title VII of the Civil Rights Act of 1964, as amended, within ninety (90) days from the receipt of such Notice. Plaintiffs received their copies of such Notice on or about September 29-30, 2001. Plaintiffs have filed the Complaint in this case within 90 days after the date on which they received such Notices of Right to Sue.

## STATEMENT OF CLAIMS

7. Plaintiff Diane B. O'Sullivan (O'Sullivan) is employed by the Defendant City of Chicago Police Department, holding the service career rank of Police Lieutenant. O'Sullivan was first appointed to the Chicago Police Department on June 8, 1981. Plaintiff Nancy Lipman (Lipman) is employed by the City of Chicago Police Department holding the career service rank of Police Lieutenant. Lipman was first appointed to the Police Department on September 9, 1985. Plaintiff Janice Roche (Roche) is employed by the City of Chicago Police Department, holding the career service rank of Police Sergeant. Roche was first appointed to the Police Department on September 28, 1992.

8. All of the Plaintiffs are Caucasians.

9. Defendant Commander Perry is a sworn member of the Chicago Police Department holding the position of District Commander of the 2nd District of the Chicago Police Department. Perry is an African American female.

10. From 1999-2001, Defendant Commander Perry has systematically removed Caucasian officers and replaced them with African American officers.

11. On or about May 2000, Plaintiff Roche was transferred from the afternoon to the midnight shift when she returned from Family Medical Leave Absence leave. When she asked Defendant Commander Perry for the reasons, the reasons given to her were with respect to experience. Such reasons were pretext for discrimination. The following month during Roche's day off, Defendant Commander Perry opened the afternoon watch for bids. A sergeant with less seniority than Roche got the bid.

12. While on midnight shift, Plaintiff Roche became the relief desk sergeant. No other sergeant on midnights wanted the position. In anticipation of the imminent transfer of the existing desk sergeant, she was trained to be the desk sergeant. After the previous desk sergeant left, Plaintiff

Roche was assigned to that position. Defendant Commander Perry then informed Plaintiff Lipman and Plaintiff O'Sullivan that she was not to be the desk sergeant. Defendant Commander Perry has previously replaced a Caucasian female desk sergeant on days with an African American sergeant without giving a reason. The desk personnel on all three watches are all African American. The front office workers are all African American, with the exception of the administrative sergeant. The neighborhood relations supervisor and officers are all African American.

13. On or about August 11, 2000, O'Sullivan was preparing the District Assignment Schedule for the 9th Police Period, which began on August 17, 2000. The 8th Period Assignment Schedule had indicated that Sgt. Timothy Gerich, a white male, had been given two assignments: Desk Sergeant and Beat 210; as such, one of these positions had to be filled. O'Sullivan assigned Plaintiff Roche to the position of Desk Sergeant and submitted the Assignment Schedule to Defendant Commander Perry's office. On August 14, 2000, Defendant Commander Perry returned the Assignment Schedule to O'Sullivan with a handwritten note, which said "Sgt. Roche cannot be my Desk Sergeant."

14. On August 15, 2000, Defendant Commander Perry left a message on Plaintiff O'Sullivan's voice mail system, stating "Hello, Diane, this is Marienne Perry. I'm calling you because I wanted to make sure that we don't have any miscommunication. Janet Roche cannot be my Desk Sergeant because she causes too much controversy and rubs people the wrong way. Now, you can put Gerich on the Desk or you can put Vernon Crawford. But Janet Roche will not be my Desk Sergeant." Of these two men, only the African-American was a real possibility because the other officer had refused to do this position. This message was also left on Plaintiff Lipman's voice mail system. Prior to that message, Defendant Commander Perry had a specific conversation with Plaintiff Lipman in her office about choices for desk sergeant in which she stated to me that she

was aware that Sergeant Gerich was not available for the position due to family obligations that conflicted with the hours of that assignment. When she narrowed the choice to Vernon Crawford or Timothy Gerich, Defendant Commander Perry was well aware that there was no choice at all.

15. A formal grievance was filed against Defendant Commander Perry of September 27, 2000 with the Chicago Police Department for racial discrimination and harassment. Since that time, each of the Plaintiffs has been retaliated against.

16. Police Agent Geraldo Garcia (an investigator for the police department) called both Plaintiff O'Sullivan and Plaintiff Lipman and asked them to submit a To/From/Subject report regarding the allegations against Defendant Commander Perry made by the Plaintiffs and others that Perry was discriminating against them. Neither O'Sullivan nor Lipman was ordered to do so or given any specific time frame in which to submit the report. As such, neither was directed to file a report. Both advised Garcia that they were in the process of preparing a detailed report for their attorney, the attorney to the Lieutenants' Union, and that they wanted to consult with him prior to submitting the report. Garcia then proceeded to file a complaint against both of them, alleging that they failed to submit a report as directed.

17. On or about April 13, 2001, when O'Sullivan reported for duty, she was informed by her new supervisor that she was to be formally counseled because two Complaint Register investigations against her had been sustained within the past twelve month period. At no such time prior to this was she notified that any investigation against her had been completed and concluded and, contrary to Chicago Police Department procedure set forth in General Order 93-3 (Complaint and Disciplinary Procedures), the Chicago Police Department failed to inform her of the conclusion and determination and/or any disciplinary action recommendation by the investigator. Further, by

failing to follow the required process O'Sullivan was denied due process because without knowing the completion of the investigation and the findings she was not allowed to appeal the findings.

18. On or about March 15, 2001, a Charge of Discrimination under Charge 210A12164 citing racial discrimination was filed against Defendant Chicago Police Department and Defendant Commander Perry and the above parties were aware of the charges. On or about July of 2001, Defendants retaliated against O'Sullivan by instigating a charge to be filed against O'Sullivan by two civilian detention aides alleging that O'Sullivan subjected them to adverse working conditions and racially discriminated against them by giving them severe suspensions for infractions when Caucasian officers were only verbally reprimanded for the same infractions. These charges were patently false, because O'Sullivan did not have direct supervision of them at the time and that department's procedures were not followed, but were subverted for the purpose of retaliation.

19. Another false complaint was issued by Defendant Commander Perry in retaliation for filing a discrimination charge when she initiated a complaint against Plaintiff O'Sullivan and Plaintiff Roche alleging that they had not properly bonded a prisoner. This was an inaccurate complaint and after the investigation was complete the Plaintiffs were given an unsubstantiated finding. Defendant Commander Perry then reopened the investigation so that she could proceed with the matter. This goes against police procedure. Such actions of retaliation by Defendant Commander Perry are not limited to the above false complaint. Defendant Commander Perry encouraged other police officers to file false complaints against the Plaintiffs. One such example is a complaint filed against Plaintiff O'Sullivan by Lieutenant Lillie Crump-Hale. Crump-Hale and Defendant Commander Perry fabricated a report against Plaintiff O'Sullivan. Lillie Crump-Hale was subsequently promoted to Captain upon the advisement of Defendant Commander Perry.

20. Defendant Commander Perry has systematically removed Caucasian supervisors from high profile positions. Further, she has chastised supervisors, all Caucasian, from other districts for bringing non-African American officers to assist in the 2nd district. Defendant Commander Perry has complained to Sgt. Pasco from the Area 1 Mission Team that the officers on his team from the 2nd district were non-African Americans. Defendant Commander Perry has encouraged African American subordinates not to follow orders of Caucasian supervisors. This is evidenced by the way African American staff treats Caucasian supervisors. Further, racial harassment was engendered by Defendant Commander Perry when she informed Plaintiff Roche that she (Perry) lacked confidence in her to do a proper investigation against an African American officer. Such limitations are not placed on African American officers investigating Caucasian officers. Further, Defendant Commander Perry informed Internal Affairs Division (IAD) that she did not have confidence in Caucasian police supervisors to do a proper investigation when they were investigating complaints against African-American police officers. She went against police procedure and asked that IAD do the investigation.

21. The conduct of Defendant Commander Perry after the charge was filed against her was such that Plaintiff Roche's life was endangered because fellow officers would not respond to her calls for help and ignored her during her rounds as a police sergeant.

22. Defendant Commander Perry has conducted personal parallel investigations against Caucasian supervisors long after the initiation of the official investigation process and where she herself is the Complainant. This goes against police procedure.

23. Defendants Chicago Police Department and City of Chicago have knowledge of the above harassment and discrimination of Commander Perry and have failed to takes steps to prevent the discrimination. Instead, they have given Defendant Commander Perry's actions color of law and

thus should be held liable for her actions. The result of these actions has been to irreparably harm the Plaintiffs' careers as the complaints against them, which have been improperly filed, investigated, and decided, are on their permanent record, thus affecting their future promotions and assignments. Further, each Plaintiff has suffered embarrassment and humiliations with respect to the harassment and the false charges.

## INCORPORATION OF ALLEGATIONS

24. All of the allegations in the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each claim.

## FIRST CLAIM OF RELIEF

42 U.S.C. § 1983

25. The Defendants, acting under color of Illinois and Chicago law, subjected Plaintiffs to the deprivation of the following rights, privileges, and immunities secured by the Constitution and laws of the United States when they made employment decisions (both assignment and disciplinary) which deprived the Plaintiffs of their right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution by intentionally basing their decisions to an impermissible extent on Plaintiffs' race and color.

## SECOND CLAIM OF RELIEF

42 U.S.C. § 1981

26. The Defendants have deprived the Plaintiffs of their right to the full and equal benefit of Defendants' regulations and all law and proceedings for the security of Plaintiffs' employment because of Plaintiffs' race and national origin in violation of 42 U.S.C. § 1981. Plaintiffs have been damaged by virtue of Defendants' conduct alleged in the foregoing paragraph, which is

incorporated herein by reference, and are entitled to recover these damages from the appropriate Defendants.

## THIRD CLAIM OF RELIEF

Civil Rights Act of 1964, Title VII

27. Defendants have discriminated against the Plaintiffs because of their race, color, and national origin with respect to the terms and conditions of their employment by harassing the Plaintiffs, intentionally pursuing false charges against the Plaintiffs, by giving preferential treatment for assignments by Defendants for those of African-American race, and by Defendants' retaliation against Plaintiffs for their filing of harassment charges with the Chicago Department of Police and the Equal Employment Opportunity Commission.

## FOURTH CLAIM OF RELIEF

Illinois Human Rights Act

28. The above acts and practices of the Defendants constitute unlawful discriminatory employment practices within the meaning of the Illinois Human Rights Act.

29. As a result of Defendants' discriminatory acts, Plaintiffs have suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## MISCELLANEOUS ALLEGATIONS

30. Plaintiffs do not have a complete and adequate remedy at law and are thus entitled to injunctive and other equitable relief to remedy the violation of their rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States and the State of Illinois and the City of Chicago.

B. Enjoining and permanently restraining these violations of Title VII, the United States Constitution, and the Illinois Human Rights Act.

C. Directing the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiffs' employment opportunities;

D. Directing the Defendants to place the Plaintiffs in the position they would have occupied but for the Defendants' discriminatory and retaliatory treatment of them, and make them whole for all earnings they would have received but for the Defendants' discriminatory and retaliatory treatment, including, but not limited to, wages, commissions, and other lost benefits;

E. Order Defendants to make Plaintiffs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices in amounts to be determined at trial;

F. Order Defendants to make Plaintiffs whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of, including emotional pain, suffering, and humiliation, in amounts to be determined at trial;

G. Order Defendants to pay to Plaintiffs punitive damages for malicious and reckless conduct, in amounts to be determined at trial;

H. Award Plaintiffs all costs associated with processing this action, including reasonable attorney's fees; and

I. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

*Elisabeth Shoenberger*
Elisabeth Shoenberger
Attorney of Record for Plaintiff

Elisabeth Shoenberger
Law Offices of Elisabeth Shoenberger
770 N Halsted Street, Suite 205
Chicago, Illinois 60622
(312) 733-1601 x 420
Attny. No. 36975

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**01C 9856**

JUDGE BUCKLO

MAGISTRATE JUDGE LEVIN

Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

DOCKETED DEC 27 2001

**Plaintiff(s):** Diane O'Sullivan, Janice Roche, Nancy Lipman.

**Defendant(s):** City of Chicago Department of Police, City of Chicago, Commander Marienne Perry in individual and official capacity.

County of Residence: Cook

County of Residence:

**Plaintiff's Atty:** Elisabeth Shoenberger
Law Offices of Elisabeth Sheonberger
770 N. Halsted Street, Suite 205,
Chicago, IL 60622
312-733-1601

**Defendant's Atty:** Karen A. Rowan
Police Department
3510 S. Michigan Ave., 5th Floor, Chicago, IL 60653
312-745-6100

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principle Parties**
**(Diversity Cases Only)**

Plaintiff:- N/A

Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** Action under 42 USC 1981 and 1983 and Title VII action.

**VII. Requested in Complaint**

Class Action: No

Dollar Demand:

Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: *Elisabeth Shoenberger*
Date: Dec. 26, 2001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

In the Matter of

O'Sullivan, Roche, Lipman
v.
City of Chicago Department of Police, City of Chicago, Marienne Perry in both her official and individual capacity

JUDGE BUCKLO

DOCKETED DEC 27 2001

Case Number: 01C 9856

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

O'Sullivan, Roche and Lipman

| (A) | (B) |
|---|---|
| SIGNATURE: *Elisabeth Shoenberger* | SIGNATURE |
| NAME: Elisabeth Shoenberger | NAME |
| FIRM: Law Offices of Elisabeth Shoenberger | FIRM |
| STREET ADDRESS: 770 N. Halsted St., Suite 205 | STREET ADDRESS |
| CITY/STATE/ZIP: Chicago, IL 60622 | CITY/STATE/ZIP |
| TELEPHONE NUMBER: (773) 529-2589 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER: 36974 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ✓ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ✓ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |