IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE O'SULLIVAN, JANICE ROCHE, and NANCY LIPMAN | ) ) ) ) |
| Plaintiffs, | ) No. 01 C 9856 ) |
| vs. | ) Magistrate Judge Jeffrey Cole ) |
| CITY OF CHICAGO, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND INJUNCTION

The plaintiff, Nancy Lipman, moves for an injunction ordering defendant to promote her to captain. The history of this case is discussed in several earlier opinions. *See O'Sullivan v. City of Chicago*, 484 F.Supp.2d 829 (N.D.Ill. 2007); *O'Sullivan v. City of Chicago*, 2007 WL 951941 (N.D.Ill. 2007); *O'Sullivan v. City of Chicago*, 478 F.Supp.2d 1034 (N.D.Ill. 2007); *O'Sullivan v. City of Chicago*, 2007 WL 671040 (N.D.Ill. 2007); *O'Sullivan v. City of Chicago*, 474 F.Supp.2d 971 (N.D.Ill. 2007); *O'Sullivan v. City of Chicago*, 2006 WL 3332788 (N.D.Ill. 2006).

### I.

### BACKGROUND

The trial of this matter ran from jury selection on April 10, 2006, through April 21, 2006, when the case was turned over to the jury. On April 24, 2006, the jury returned a verdict in favor of the defendant on the plaintiffs' discrimination claims and a verdict in favor of the plaintiffs on their retaliation claims. Specifically, as to plaintiff Lipman's retaliation claims, the jury awarded $250,000.00. In addition, the jury answered "yes" to a special interrogatory that read: "That Plaintiff

Nancy Lipman failed to receive a promotion to Captain as a consequence of retaliation by Defendant for her filing of the grievance or EEOC charge."

Lipman thereafter sought either an injunction ordering the City to promote her to the rank of captain and award her resulting lost pay, or an award of that lost pay and front pay until she is promoted to captain or until she retires from the police force. As discussed in the memorandum opinion of March 26, 2007, the City argued at the time: "[i]f we circumvent said process [i.e. the normal discretionary selection process by the Superintendent of Police], it would create an atmosphere of uncertainty and bitterness among other officers who desire to one day become a captain." (*Defendant's Response to Plaintiffs' Motion on Behalf of Nancy Lipman to set Lost Pay as Captain*, at 5).

The City argued that such relief could not be ordered without a hearing–a hearing at which the City wanted to relitigate the question of retaliation. *See O'Sullivan v. City of Chicago*, 2007 WL 951941 (N.D.Ill. 2007). The plaintiff's brief bristled at the prospect: "[h]olding some showcase hearing to ameliorate the speculative feeling of bitterness among some unnamed, unknown 'other officers' is just silly," it said. 2007 WL 951941 at *9. But the City had to be afforded the opportunity to make the case that promoting Lieutenant Lipman would be an inappropriate remedy because it would undermine morale or result in serious and irremediable inefficiencies in the Department. *Id.* at * 11. To that end, a hearing was held on August 13 and 17, 2007. The City was free to adduce whatever evidence it chose to sustain its contention that promotion would be an inappropriate remedy. No such evidence was introduced.

Chicago Police Lieutenants Myers, Wilson, and Lipman testified. Lieutenant Lipman testified about her relations with superiors and subordinates and was freely cross-examined. Not

2

only did her testimony indicate that there would not be any resentment or disruption of morale, but her immediate supervisor, Howard Lodding, whose deposition was submitted, testified glowingly about Lieutenant Lipman's exemplary career and personal characteristics. Indeed, Lodding has recently recommended Lieutenant Lipman for promotion to Commander, which is a rank above Captain. *See* Motion to Supplement Record to Submit Affidavit of Nancy Lipman and to Amend Plaintiffs' Request in Regard to Lipman's Promotion to Captain. Nothing in the testimony of any witness supported the speculation that the court-ordered promotion of Lieutenant Lipman would cause hostility, friction, or inefficiencies in the Chicago Police Department.

After having argued that Lipman could not simply be ordered promoted without a hearing, the City called no witnesses to support its fears of hostility and ill effects on morale and thus its post-hearing brief was devoid of any evidence that even hinted that there would be any resentment or ill affect to morale if the relief were ordered. The City's post hearing brief argued: "[w]hen to facts of this case are viewed in their totality it is reasonable to infer that promoting Lipman may cause resentment . . . ." (*Defendant's Response to Plaintiff's Brief in Support of Lipman's Promotion to Captain*, at 4). There was nothing to support this conclusion, and a reasonable factual inference cannot rest on speculation or conjecture alone. *Adkins v. Meijer Stores Ltd. Partnership*, 2007 WL 4293455 at * 2 (7th Cir. 2007). As the Memorandum Opinion noted at the time, if this sort of unsubstantiated argument were given credence, a successful Title VII plaintiff could never be promoted, and the defendant would thereby have achieved the goal of the illicit endeavor. *O'Sullivan*, 2007 WL 951941 at * 9.

The City's post-hearing brief attempted to explain the failure to present evidence by saying "it is highly *unlikely* that anyone would *want* to testify negatively about a fellow officer in a public

3

forum." (*Defendant's Response to Plaintiff's Brief in Support of Lipman's Promotion to Captain*, at 4)(Emphasis supplied). As Judge Posner has said in another context, "true but irrelevant." *Tunis v. Gonzales*, 447 F.3d 547, 551 (7th Cir. 2006). If the argument is that officers would be uncomfortable about testifying against Lieutenant Lipman, the City had no difficulty in adducing negative testimony at the trial. If the argument is that officers would be uncomfortable about testifying regarding the reactions of other officers to Lieutenant Lipman's promotion, it ignores the reality that the testimony would not be so much about the reactions of any given officer – for the witness would not be allowed to speculate about how any particular person would react – but rather would be general in nature and thus would not require "negative[ ][testimony] about a fellow officer." It would focus on the effect that a court ordered promotion would have on morale throughout the Department. And, while a police officer might not "want to testify in a public forum," if required to do so by his or her superiors – and senior members of the Department would certainly not have any reluctance to testify in support of the position being advanced by the City – they would have no choice. Even if one were to accept the City's justification for the absence of proof on the critical issue of disruption and effect on morale – an issue on which it bore the burden – the fact remains that there is no proof, and thus the City loses.

Beyond its inherent lack of merit, the discomfiture argument is speculative in the extreme, and the Seventh Circuit "has long "reject[ed] the idea that speculation can be employed as a substitute for proof." *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958). *Accord, In re Cohen*, 507 F.3d 610, 614 (7th Cir.2007)(speculation is not evidence); *Louth v. McCollum*, 424 F.3d 631, 634 ( 7th Cir.2005)("hypothesis is not proof "); *Boim v. Holy Land Foundation for Relief and Development*, 511 F.3d 707, 757 (7th Cir.2007)(Belief, assumption, and speculation are no substitutes

4

for evidence).

Finally, the City was in a unique position to provide evidence to support its predictions about "uncertainty and bitterness among other officers," if it existed. Its failure to have done so warrants the conclusion that the evidence did not exist. *Cf. Graves v. United States,* 150 U.S. 118, (1893); *Miksis v. Howard,* 106 F.3d 754, 763 (7th Cir.1997). *See also* Jean Edward Smith, John Marshall: Definer of a Nation (1996)("More than five weeks have elapsed since the Supreme Court declared the necessity of proving the fact, if it exists. Why is it not proved? Chief Justice Marshall said he could not assume that the government was remiss in seeking the proof; the only conclusion was that the evidence did not exist.").

One of the major objectives of Title VII "is to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418 (1975). The "preferred remedy" to achieve that goal in cases involving discriminatory or retaliatory failure to promote is a court-ordered promotion (or reinstatement) to the position the plaintiff would have held absent the discrimination. *Miles v. Indiana,* 387 F.3d 591, 599 (7th Cir. 2004). *See also O'Sullivan v. City of Chicago,* 2007 WL 951941 (N.D.Ill. 2007). Hesitancy to decree a promotion is appropriate in situations where it would a promotion may create hostility or friction in the work environment. *Id.*; *Bruso v. United Airlines, Inc.,* 239 F.3d 848, 861 (7th Cir. 2001). But there is no evidence of that here. And a court must be careful not to allow an employer to use its anger or hostility toward the plaintiff for having filed a lawsuit as an excuse to avoid the plaintiff's reinstatement. *O'Sullivan,* 2007 WL 951941 at *8.

Title VII vests district courts with broad discretion to award "appropriate" equitable relief to remedy unlawful discrimination. *Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C.,* 478

5

U.S. 421, 446 (1986). In light of the absence of any evidence that a court-ordered promotion of Lieutenant Lipman would cause hostility or friction in the work environment, promotion to captain is the appropriate remedy. As the March 19, 2008 Motion to Supplement the Record shows, on March 12, 2008, the newly appointed Superintendent of Police, Jody Weis, ordered the promotion of various Lieutenants and Captains to Commanders. According to Lieutenant Lipman's affidavit in support of the Motion, "[t]here are currently 66 Captain positions filled out of 75 available positions. At least one additional position will become available on May 1st when another Captain retires. Each district has 3 Captain positions. The Department is currently considering people to fill the open Captain positions." (*Motion to Supplement Record*, Ex. 1, ¶¶6-7). The City has not denied any of these allegations or otherwise responded to Lieutenant Lipman's affidavit.

The lengthy history of this case coupled with certain events that occurred following the jury's verdict, *see e.g., O'Sullivan v. City of Chicago*, 478 F.Supp.2d 1034 (N.D.Ill. 2007)(City suspended officers after the jury verdict based on the very complaints that the jury found constituted acts of retaliation), make it unlikely that the City will promote Lieutenant Lipman to Captain even though the jury concluded that the failure to promote her was an act of retaliation. If immediate action is not taken, the remaining Captaincy positions will be filled with officers other than Lieutenant Lipman.

Lieutenant Lipman also seeks an award of back pay. Promotion with back pay is among the catalog of remedies a court can employ when exercising its wide discretion to fashion a remedy to make the victim of discrimination whole. 42 U.S.C. §2000e-5(g); *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 763 (1976); *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003). A plaintiff wrongfully denied a promotion is, of course, just as wrongfully denied any increase in salary

that might have come with it. The jury verdict gives rise to a "'a strong presumption that [Lipman] was entitled to a back pay award on the basis of what she would have earned absent the discrimination.'" *David*, 324 F.3d at 865 (*quoting E.E.O.C. v. Ilona of Hungary*, 108 F.3d 1569, 1579 (7th Cir.1997)). The City concedes that *if* Lipman is entitled to be promoted, back pay is an appropriate part of the remedy. The parties have agreed upon a calculation of a back pay award dating back to August of 2004 – the time when those who applied with Lipman were made captain, along with 8.25% interest compounded annually. The City shall update these calculations to make them current within 14 days.

Finally, Lieutenant Lipman also asks for an award of the appropriate pension credit she would have received had she been promoted to captain in August 2004. "In challenges by police officers regarding promotions, 'the court can order their promotion, back pay, pension benefits, and seniority in title. . . .'" *Adams v. City of Chicago*, 135 F.3d 1150, 1154 (7th Cir. 1998). This, too, must be part of the award to make her whole.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for an order that Nancy Lipman be promoted to captain and awarded back pay is GRANTED and the City shall:

1. Immediately promote Lieutenant Lipman to Captain with whatever seniority rights she otherwise would have enjoyed had she been promoted in August 2004;

2. Within 14 days update the previous back pay calculations and confer with counsel for Lieutenant Lipman in order to arrive at an agreement on those calculations so they may be submitted to the court; and

3. Credit Lieutenant Lipman with the appropriate pension credit she would have received had she been promoted to Captain in August 2004;

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/28/07